Mr. Justice Gantt
delivered the opinion of the court:
The main object of this agreement, and which is expressed in the beginning of the instrument, is to lease the ferry and .200 acres of land. . The lessees covenant to pay for the enjoyment of the same, $ 800 per year, and it is expressly stated that the $ 800 is to be paid for the ferry and the lands, incorporated in the body of this agreement, is a covenant for erecting a bridge and clearing a road. This covenant does not appear to have any necessary connexion with the lease of the ferry and land, and certainly forms no part of the estimate for which rent is to be paid. Besides, the tenor of the covenant in respect to the road and bridge is, that it shall be at the equal expense of the contracting parties. There is no specification as to the time when the work is to be done. The plain and obvious sense then of the agreement is, that for the ferry and lands, the defendants were to pay annually $800 rent, and that a road and bridge were to be made at the equal expense of the contracting parties'. Why this work was not done ; whether it proceeded from a default on the one side or the other, does not appear, nor is there any averment that the defendants were ready and offered to perform their part of the work, and that the plaintiff had failed on his part to comply with what he had undertaken. The covenants in this agreement are mutual, independent covenants affording to each of the contracting parties a right of action for a breach by the other. The court are unanimous in the opinion, that the covenant pleaded does pot constitute a condition precedept to the payment of the rent agreed on. The motion to reverse the decision made in this case must fail.
Justices Richardson, Huger, Johnson and Noil, concurred.
-, contra.